IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANNIE KATE STRONG,          ) | |
|     Plaintiff,          ) | |
| ) | |
| v.          ) | CIVIL ACTION NO. 2:15-00581-KD-M |
| ) | |
| C.R. ENGLAND, INC.,          ) | |
|     Defendant.          ) | |

**ORDER**

This matter is before the Court on Plaintiff and Defendant C.R. England, Inc. (England)'s Motion to Transfer Venue to the Middle District of Alabama.  (Doc. 4).[1]

On August 5, 2014, Plaintiff (a resident citizen of Selma, Alabama) initially filed this suit in Dallas County Circuit Court (Civil Action No. 2014-900212), against Defendant Raymond J. Burge (Burge) (who operated a vehicle in Montgomery County, Alabama and is a resident citizen of Roseville, Michigan).[2]  (Doc. 1-1; Doc. 1 at 2-3).  Thereafter, Plaintiff amended her complaint to add Defendant England (a Utah corporation with its principal place of business in Salt Lake City, Utah) who is alleged to have employed Burge.  (Id.)  Stemming from an August 26, 2013 motor vehicle accident in Montgomery County, Alabama, Plaintiff's amended complaint asserts personal injuries due to the negligence/wantonness of Defendants Burge and England, seeking compensatory and punitive damages.  On November 16, 2015, Defendant

---

    1 Defendant Burge neither consented nor joined in this removal.  While Defendant Burge is listed as a defendant on this Court's docket sheet, on Defendant England's Notice of Removal, and on the state court's docket sheet, he is not actually a party to either this case or the state court action.  Specifically, a review of the Dallas County Circuit Court filings indicates that while attempts were made, Defendant Burge was never served with process in the state court case.  As such, Defendant Burge was never made a party to the state court case, and thus, he is also not a party to the federal case before the undersigned.  Indeed, in the Removal, Defendant England states "Burge has never been served in this matter."  (Doc. 1 at 2).

    2 Defendant First Acceptance Insurance Company was also an original defendant in the state court case, however, that party was dismissed in state court.  As alleged, First Acceptance is not an Alabama corporation, does not have a principal place of business in Alabama.  (Doc. 1 at 2).

England timely removed this case to this Court based on federal diversity jurisdiction (Doc. 1), and in its Answer also filed on that date (Doc. 2), raised the affirmative defenses of improper venue and *forum non conveniens*.  On December 7, 2015, Plaintiff and Defendant England jointly filed a motion to transfer venue of this case, as proper and more convenient, to the Middle District of Alabama, adding that the interests of judicial economy support a transfer.   (Doc. 4). Plaintiff and Defendant England specify that the accident occurred in Montgomery, Montgomery County, Alabama, and that such is where the accident investigators, first responders, medical records, and medical providers are all located.

Questions of venue in the district courts are governed by statute.  28 U.S.C. § 1391. Per 28 U.S.C. § 1404(a), a district court may transfer a civil action to any other district court in which the action could have originally been filed, "[f]or the convenience of parties and witnesses."  Section 1404(a) is intended to place discretion in the district court "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (citation omitted).  As explained in Credit Bureau Servs., Inc. v. Experian Info. Solutions, Inc., 2012 WL 6102068, *22-23 (S.D. Fla. Dec. 7, 2012) (citations omitted):

> The transfer statute, 28 U.S.C. § 1404(a), provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or divisions where it might have been brought." The proponent of a transfer of venue bears the burden of demonstrating entitlement....
>
> Courts employ a two-step process to analyze whether a motion for transfer should be granted….First, the court must assess whether the action could have been brought in the venue to which transfer is sought….Second, the court determines whether convenience and the interest of justice "require transfer to the requested forum." …Courts have broad discretion in determining whether a case should be transferred under this provision….
>
> An action "might have been brought" in any court that has subject matter jurisdiction, where venue is proper and where the defendant is amenable to process issuing out of the transferee court…

..the Court focuses its analysis on…convenience and interest of justice. In doing so, the Court takes into consideration the following factors: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

Section 1391(b) specifies where a case could have been filed. Specifically, "[a] civil action may be brought in-- (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

First, the Court must determine whether the action could have been brought in the Middle District. This entails analyzing whether the proposed transferee court: 1) has subject matter jurisdiction; 2) venue is proper; and 3) the defendant is amenable to process in that court. <u>Windmere Corp. v. Remington Prods., Inc</u>., 617 F.Supp. 8, 10 (S.D. Fla. 1985). The Court is satisfied that the action could have been brought in the Middle District, as that is the location of the motor vehicle accident and where the accident investigators, first responders, medical records, and medical providers are located. Additionally, the Middle District has: 1) has subject matter jurisdiction based on federal diversity, 28 U.S.C § 1332; 2) venue is proper per 28 U.S.C. § 1391(b)(2) as the Middle District "in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred[;]" and 3) Defendant England appears amenable to process issuing out of the Middle District.

3

Second, based on the Plaintiff and Defendant England's joint representations, these parties concur that convenience and the interest of justice (convenience of witnesses/parties, locus of operative facts, location of relevant documents/proof, etc.) support transfer to the Middle District. "[A]side from the plaintiff's own choice of forum, the most important factor in passing on a motion to transfer under § 1404(a) is the convenience of the witnesses." Bartronics, Inc. v. Power–One, Inc., 510 F.Supp.2d 634, 637 (S.D. Ala. 2007) (internal quotation marks and alteration omitted).

Moreover, Plaintiff filed her action in Dallas County, Alabama. Although this Court recognizes that normally the Plaintiff's choice of forum should be shown a good deal of deference, see First Financial Bank v. CS Assets, LLC, 2009 WL 1211360, *5 (S.D. Ala. May 4, 2009), in the instant case, Plaintiff's choice is less persuasive in light of the fact that the plaintiff agrees to transfer of venue to the Middle District: "Plaintiff is in agreement with Defendant that venue of this case is proper and more convenient in the Middle District" and that in the interests of judicial economy, the case should be transferred to that Court. (Doc. 4 at 2).

Upon consideration, it is **ORDERED** that Plaintiff and Defendant England's Motion to Transfer Venue to the Middle District (Doc. 4) is **GRANTED** and this action is accordingly **TRANSFERRED** to the United States District Court for the Middle District of Alabama.[3]

**DONE** and **ORDERED** this the **14th** day of **December 2015.**

/s/Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[3] "The standard for transfer under 28 U.S.C. § 1404(a) leaves much to the broad discretion of the trial court, and once a trial judge decides that transfer of venue is or is not justified, the ruling can be overturned only for clear abuse of discretion." Trace-Wilco, Inc. v. Symantec Corp., 2009 WL 455432, *1 (S.D. Fla. Feb. 23, 2009)(citing Brown v. Connecticut Gen. Life Ins. Co., 934 F.2d 1193, 1197 (11th Cir. 1991)).